IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALLAN BLOCK CORPORATION,

                                                               OPINION AND ORDER

                Plaintiff,

                                                                  06-cv-476-bbc

     v.

COUNTY MATERIALS CORPORATION,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff prevailed at trial in this breach of contract action in which it contended that defendant sold concrete blocks in violation of the parties' licensing agreement. The Court of Appeals for the Seventh Circuit affirmed defendant's liability and remanded on a limited issue involving two lines of concrete block. The parties now dispute the appropriate scope of the proceedings on remand. I find the appeals court's mandate unequivocal: the only issue for trial is the amount of damages plaintiff incurred as a result of defendant's sale of Keystone and County Cub blocks.

OPINION

      The scope of the district court's power on remand is determined by the language of the court of appeal's order. <u>United States v. White</u>, 406 F.3d 827, 831 (7th Cir. 2005). If

1

the appellate opinion identifies a discrete issue for resolution on remand, the district court proceedings are limited to that issue.  United States v. Parker, 101 F.3d 527, 528 (7th Cir. 1996).  Here is the applicable language from the appellate opinion, providing direction on remand:

> Allan Block complains that it was not allowed to put on its full damages case, and this turns out to be true. Let us not forget Rule 13(a). The district judge actually agreed with County Materials that compulsory counterclaims must be filed in declaratory judgment suits, but allowed Allan Block to seek damages with respect to those violations of the contract that it did not learn about until after the time for filing such counterclaims had elapsed. . . .
>
> But that leaves the claims, relating to two lines of concrete block made by County Materials in violation of the contract, that, since they were known to Allan Block when County Materials filed its declaratory judgment action, had to be---the district judge mistakenly believed---filed as compulsory counterclaims. So the judge did not let Allan Block seek damages for those claims, and it is entitled to do so on remand.
>
> \*   \*   \*
>
> To summarize, the award of damages is affirmed, and so is the denial of all other relief sought by Allan Block with the exception of the refusal to allow it to prove damages with regard to the two claims that the judge kept from the jury; as to those, the judgment is vacated and the case remanded for a trial on damages limited to those claims.

Allan Block Corp. v. County Materials Corp., 512 F.3d 912, 920-21 (7th Cir. 2008).

It is not disputed that the "two lines of concrete block" referred to in the opinion are the Keystone and County Cub blocks. There is only one conceivable interpretation of the task on remand: hold a trial to determine the amount of damages plaintiff suffered as a result of defendant's sale of Keystone and County Cub blocks during the period that such sales were prohibited by the agreement.

Defendant's position depends on a strained interpretation of the phrase "the two claims that the judge kept from the jury" in the ruling summary. Defendant argues that this language is an invitation to the trial court to determine what claims were kept from the jury. However, viewing the meaning in the context of the entire decision, as I am bound to do, it is clear that the language on which defendant relies refers to the earlier holding that the court erred by not allowing plaintiff to prove damages on the two identified lines of block. In light of the unequivocal instruction from the court of appeals, defendant's extensive discussion of the details of proceedings before Judge Shabaz at the prior trial is irrelevant.

The parties have a deadline for filing motions for summary judgment, but I suggest that their time and resources would be better spent determining what sum of money could resolve this case.

ORDER

IT IS ORDERED that the scope this action on remand is limited to a determination

of the amount of damages plaintiff incurred as a result of defendant's sale of Keystone and County Cub blocks during the period that such sales were prohibited by the parties agreement.

Entered this 15th day of July, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge