IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALLAN BLOCK CORPORATION,

                 OPINION AND ORDER

      Plaintiff,

                   06-cv-476-bbc

 v.

COUNTY MATERIALS CORPORATION,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Plaintiff Allan Block Corporation prevailed at trial in this breach of contract action, proving that defendant County Materials Corporation sold several competing lines of concrete blocks in violation of the parties' licensing agreement. The Court of Appeals for the Seventh Circuit affirmed the jury's finding of liability and remanded for a damages trial on two lines of concrete blocks that were improperly excluded from the first trial. On July 15, 2008, this court entered an order defining the scope of the remanded action as "limited to a determination of the amount of damages plaintiff incurred as a result of defendant's sale of Keystone and County Cub blocks during the period that such sales were prohibited by the parties' agreement." Dkt. #291.

  Defendant has moved for summary judgment on the ground that plaintiff has failed as a matter of law to produce evidence that could sustain a determination of damages for the sale of either type of block. I conclude that defendant is correct. Plaintiff has not proposed

1

sufficient facts to permit a reasonable jury to find that it suffered damages as a result of defendant's sales of Keystone and County Cub blocks during the relevant time period. I conclude also that plaintiff had ample time and opportunity to elicit discoverable information to support its damages claim. Therefore, defendant's motion for summary judgment will be granted.

From the trial and appeal records, and the submissions of the parties, I find that the following facts are both undisputed and material.

## FACTS

Plaintiff Allen Block Corporation licensed defendant County Materials Corporation to manufacture its patented concrete retaining wall blocks in two separate licensing agreements. The agreements included non-compete provisions that precluded defendant from manufacturing competing blocks during the period of the agreements and for eighteen months after termination. Defendant manufactured and sold several types of competing blocks in violation of the agreement, including Keystone and County Cub blocks.

In 2003, defendant acquired a non-exclusive right to manufacture the Keystone blocks for Best Block Company after purchasing a manufacturing facility from Best Block, the trademark owner and seller of Keystone blocks. Best Block resells the Keystone blocks to retail outlets, landscape companies, construction companies and others. It sells no other kind of retaining wall blocks. Defendant is one of a number of different manufacturers in

2

Wisconsin, Illinois and Iowa to whom Best Block provides molds for the Keystone blocks to assure itself an adequate supply of blocks.

County Cub blocks are an acceptable substitute for Allan blocks in the marketplace for retaining wall block.

Plaintiff commenced this action on August 29, 2006. The court set a discovery deadline of December 1, 2006. On December 1, the court denied defendant's motions for summary judgment, leaving as one issue for trial the determination of the damages plaintiff incurred when defendant manufactured Best Block's competing Keystone blocks and its own County Cub blocks, in violation of the parties' agreements. On December 2, 2006, plaintiff served the report of its damage expert, Arthur Cobb, which included total sales figures for County Cub blocks, but did not identify sales by date and location. On December 1, 2006, plaintiff moved to compel discovery of evidence of defendant's profits on the sale of competing concrete blocks. On December 4, 2006, the court granted the motion to compel additional damages-related discovery.

On appeal, the court of appeals found that the court erred in limiting plaintiff in its effort to obtain damages for competing sales of blocks. The trial court had ruled mistakenly that plaintiff should have filed a counter-claim in defendant's countersuit for declaratory judgment against plaintiff. Relying on that ruling, the court held that plaintiff was entitled to damages only for the period after the time for filing such counterclaims had elapsed.

3

On April 1, 2008, after remand from the court of appeals, this court entered a scheduling order providing the parties an additional ninety days of discovery, until June 30, 2008. On May 23, 2008, plaintiff served defendant its third request for production of documents seeking, among other things, documents relating to quantity, sales revenue, profits and market studies for Keystone and County Cub blocks. On the same day plaintiff served defendant a notice of a Rule 30(b)(6) deposition of defendant, asking defendant to designate a witness to testify on the same topics identified in the motion for production of documents. On June 20, 2008, defendant responded to both requests, objecting to the request for production of documents on the ground that all responsive materials had been "previously produced" and to the Rule 30(b)(6) deposition on the ground that the topics proposed for the deposition were duplicative of those asked in previous depositions. Plaintiff filed no motion to compel document production or proceed with the Rule 30(b)(6) deposition.

OPINION

Defendant's motion for summary judgment raises only two questions: whether plaintiff has proffered enough evidence to create a genuine issue of fact that it incurred damages as a result of defendant's sale of Keystone or County Cub blocks and, if not, whether it should be excused from putting forth evidence because it has been denied a fair opportunity for discovery. A factual issue is genuine only if the evidence is such that a

reasonable factfinder could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (l986). Under Rule 56(e)(2), it is the obligation of the nonmoving party to set forth specific facts showing that there is a genuine issue for trial.

## A. Keystone Block

Plaintiff is entitled to damages that will place it in the position it would have been in had defendant not manufactured Keystone blocks for Best Block.[1] For purposes of this motion only, I will assume that if Keystone blocks were unavailable in the market place, purchasers would have bought more blocks from plaintiff because plaintiff's blocks are a reasonable substitute for Keystone. However, plaintiff has failed to provide evidence on the unavailability of Keystone blocks. The only reasonable conclusion from the undisputed facts is that even if defendant had not manufactured Keystone Blocks, the blocks would have remained equally available because other Keystone manufacturers would have filled the void left by defendant. This leaves no basis on which to conclude that sales of Allan block were affected by defendant's breach.

The president and CEO of Best Block, Jerome Sayles, averred in his declaration that at all relevant times Best Block had a number of manufacturers and suppliers of Keystone block in Wisconsin, Illinois and Iowa with the capability to satisfy Best Block's entire

---

[1] Although defendant may have sold some Keystone block to parties other than Best Block, plaintiff's submissions make clear that it is currently seeking damages only for sales to Best Block. Brief in opposition, § III, dkt. #299, at 5-12.

5

demand for Keystone block in the event defendant failed to provide any.  Sayles Decl., dkt. #294, exh. 1, at 3 ("Best Block would have satisfied the demand of its customers for Keystone products to the same degree with or without [defendant] as a manufacturer.")  In an effort to create a factual dispute, plaintiff offers the declaration of its president, Robert Gravier, in which Gravier avers that from his experience in the block industry, he believes that defendant holds a "dominant position in the manufacture of concrete blocks in Wisconsin" and if defendant had not manufactured Keystone blocks "it would have dramatically hindered Best Block's ability to satisfy market demand."  Gravier Decl., dkt. #303, exh. 1, at 1-2.

Defendant moves to strike Gravier's declaration.  Because I conclude that Gravier's averment does not create a genuine issue of fact even if accepted, it is unnecessary to address that motion.  Sayles offers direct evidence that Best Block had sufficient supply from producers in three states to satisfy all Keystone demand.  Gravier offers no reason to believe he has knowledge concerning defendant's suppliers and his declaration does not contradict that of Sayles.  Gravier speaks only to defendant's "dominant position" in Wisconsin, saying nothing of defendant's Illinois and Iowa suppliers.  The vague assertion that supply would be "dramatically hindered," does not refute Sayles's declaration that Keystone demand could have been met by other suppliers in the three-state area.  No reasonable jury could find from Sayles's and Gravier's declarations that Best Block would have been unable to fully meet the demand for Keystone block.  Moreover, even if it were possible to infer that some demand

6

might have been unmet, a jury would have no basis on which to determine how much would have been unmet and thus, no rational way to compute damages.

Because plaintiff's Keystone damages claim is contingent on plaintiff's proving that Keystone blocks would have been unavailable had defendant not manufactured them, and plaintiff has failed to offer evidence to prove such unavailability, summary judgment must granted in defendant's favor on that claim.

### B. County Cub Block

Initially, defendant argues that plaintiff has failed to demonstrate that defendant's sales of County Cub blocks were prohibited by the agreements. For example, defendant argues that plaintiff must establish that County Cub blocks fell within the parameters of the non-compete agreements. Plaintiff argues that this issue was previously litigated and resolved in plaintiff's favor. I agree. The court of appeals' opinion leaves no doubt that the time has passed for defendant to contend that the sale of County Cub block within the territory and times of the non-compete agreements did not violate the agreements: "To summarize, the award of damages is affirmed, and so is the denial of all other relief sought by Allan Block with the exception of the refusal to allow it to prove damages with regard to the two claims that the judge kept from the jury." Allan Block Corp. v. County Materials Corp. 512 F.3d 912, 921 (7th Cir. 2008).

Sales of County Cub blocks in the territory during the relevant period breached the agreement. The issue remaining is the extent of damages from such sales.

Plaintiff has the burden to prove the nature and extent of its damages; it cannot rely on speculation. Plaintiff seeks damages equal to the number of County Cub blocks sold by defendant during the relevant period, in the relevant territory multiplied by the agreed royalty rate, Pltf.'s Br. in Opp., dkt. #299, at 13, but it concedes that it cannot determine or prove the number of County Cub blocks sold during the relevant period and so cannot prove damages. Id. at 15.

Unable to put forth evidence that would defeat defendant's motion, plaintiff seeks relief under Fed. R. Civ. P. 56(f). Plaintiff argues that either it should be excused from proving the number of blocks sold, or trial should be continued to permit additional discovery, because defendant has not responded to its discovery requests that could have revealed the number of blocks sold. Plaintiff relies on the principle underlying Rule 56(f), that summary judgment should not be entered when an opposing party has not "had a fair opportunity to conduct such discovery as may be necessary" to contest the motion. Illinois State Employees Union, Council 34, American Federation of State, County and Municipal Employees, AFL-CIO v. Lewis, 473 F.2d 561, 565 (7th Cir. 1972). The principle is not applicable to plaintiff, which has had ample opportunity to conduct discovery on defendant's sale of competing blocks. It had an entire discovery period prior to the first trial, including an extension of that period to obtain additional damages discovery before trial, and it had

8

an additional discovery period after remand to address the single issue of damages from the sale of Keystone and County Cub blocks.

It does not seem unreasonable for defendant to have refused plaintiff's post-remand discovery request on the ground that it had previously provided the requested disclosures. The original Cobb report included sales figures, which supports defendant's belief that these figures had been disclosed previously. If plaintiff believed defendant had not fully complied, plaintiff could have sought to compel more disclosure. It cannot wait more than three months after the close of discovery and assert Rule 56(f) to avoid summary judgment. Rule 56(f) does not operate to protect parties who are dilatory in the pursuit of discovery. Doty v. Illinois Cent. R. Co., 162 F.3d 460, 461-62 (7th Cir. 1998). It would be inappropriate to deny summary judgment and allow the matter to proceed to trial when the party bearing the burden has conceded that it will be unable to prove its case. It would be equally inappropriate to continue trial to permit yet another period of discovery when plaintiff has failed to take full advantage of two lengthy opportunities for discovery. Therefore, I conclude that summary judgment must be granted in defendant's favor on the remanded claims.

ORDER

IT IS ORDERED that defendant County Material Corporation's motion to strike the declaration of Robert Gravier, dkt. #305, is DENIED as unnecessary.

FURTHER, IT IS ORDERED that defendant's motion for summary judgment, dkt. #292, is GRANTED. The clerk is directed to enter judgment dismissing plaintiff Allen Block Corporation's claims based on the sale of Keystone and County Cub blocks.

Entered this 28th day of November, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

10